NOONAN, Circuit Judge,
concurring and dissenting:
I concur in the opinion of the court except as to some damages. On this appeal, we review a record on which the district court looked at actual damages using primarily a standard intended to measure injury to the reputation of persons rather than injury to the goodwill of a business. Goodwill is difficult to quantify *1117 but is regularly assessed by accountants in the course of the purchase of a business. It is neither as nebulous nor as fragile as personal reputation. In reviewing the damages under section 912 of the Restatement of Torts, Second, the district court erred as a matter of law.
For accounting purposes, goodwill is typically the difference between the fair market value of the company and its underlying assets and liabilities. See, e.g., Memorial, Inc. v. Harris, 655 F.2d 905, 910 (9th Cir.1980) (East, J.). This accounting calculation is difficult since Skydive Arizona is not a publicly traded company. Nonetheless, there are a variety of methods that might be employed in calculating goodwill and the harm to that asset caused by the Defendants. See Robert F. Reilly, SFAS Nos. 141 and 142 Implications for Goodwill Acquired by M & A 25-FEB Am. Bankr.Inst. J. 48 (2006).
As to the components of the actual damages, “the hundreds of thousands of dollars” spent by Skydive Arizona on advertising are relevant in considering the value of its goodwill, but do nothing to establish the actual damage to that goodwill. They do not measure harm. The profits of the Defendants are also not a measure of the plaintiffs actual damages. The business done by Skydive Arizona is relevant. Its own figures showed no diminution in dives sold. Nothing in fact in the record supports the jury’s assessment of these damages as amounting to $2,500,000. The district court needed to determine them by evidence. See Lindy Pen Co., Inc. v. Bic Pen Corp., 982 F.2d 1400, 1404-05 (9th Cir.1993) (Roll, J.)